IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRANDON L. TUTTLE**<br>264 Church Street<br>Westfield, PA 16950<br><br>*Plaintiff,*<br><br>vs.<br><br>**SHELL OIL COMPANY**<br>910 Louisiana St<br>Houston, TX 77002<br><br>and<br><br>**SHELL EXPLORATION &**<br>**PRODUCTION COMPANY d/b/a**<br>**SHELL APPALACHIA**<br>190 Thornhill Road<br>Warrendale, PA 15086<br><br>*Defendants.* | NO. _____<br><br><br>CIVIL ACTION<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby files the foregoing Complaint against Defendants, Shell Oil Company and Shell Exploration and Production Company d/b/a Shell Appalachia:

## INTRODUCTION

1. Plaintiff initiates this action to seek redress against the Defendants for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, and other applicable law.

## PARTIES

2. Plaintiff is an adult male residing at the address listed in the above caption.

3. It is believed and therefore averred that Defendant, Shell Oil Company ("Shell") is a corporation incorporated under the laws of the State of Delaware.

4. It is believed and therefore averred that Defendant, Shell Exploration and Production Company ("SEPCO") is a wholly-owned subsidiary of Shell Oil Company incorporated under the laws of the State of Delaware.

5. It is believed and therefore averred that Defendant Shell conducts business in the Commonwealth of Pennsylvania and is licensed therein to do the same.

6. It is believed and therefore averred that Defendant SEPCO conducts business in the Commonwealth of Pennsylvania and is licensed therein to do the same.

7. At all times relevant, Defendants acted by and through their agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

8. Defendants are "employers" within the meaning of the ADA because they are engaged in an industry affecting commerce and because they maintain or maintained fifteen ("15") or more employees for each working day in each of twenty ("20") or more calendar weeks in the current or preceding calendar year.

9. Defendants also maintain a sufficient number of employees to satisfy the jurisdictional prerequisites of the PHRA (requiring four or more employees).

## JURISDICTION and VENUE

10. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

11. This Court may properly maintain personal jurisdiction over the Defendants because their regular contact with the Commonwealth of Pennsylvania and this judicial district are sufficient for the exercise of jurisdiction over the Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

12. The United States District Court for the Middle District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

13. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C.§§ 1391(b)(1) and 1391(b)(2) because the Defendants are located in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PROCEDURAL and ADMINISTRATIVE REMEDIES

14. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

15. Plaintiff has satisfied the procedural and administrative requirements for proceeding under the ADA as follows:

    a. On or about June 8, 2012, Plaintiff filed a timely written charge of discrimination (No. 530-2012-02863) against the Defendant with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination;

    b. The action was later transferred to the Cleveland office administratively by the EEOC;

    c. The EEOC issued a Notice of Right to Sue on the foregoing charge on or about January 9, 2013;

    d.    The instant action is timely because it is initiated within ninety ("90") days of the receipt of the aforementioned Notice;

    e.    Plaintiff also cross-filed the aforementioned charges of discrimination with the Pennsylvania Human Relations Commission ("PHRC").

16. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## FACTUAL BACKGROUND

17. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

18. Plaintiff is a gas-production operator.

19. Plaintiff worked for a sub-contractor company named Damos and Curole ("D&C") directly for Defendants since January 31, 2011.

20. Prior to working at D&C, Plaintiff was a soldier in the United States Army ("Army").

21. Plaintiff was deployed twice by the Army to what is now known as the Republic of Iraq.

22. After completing his service to his country, Plaintiff received an Honorable Discharge from the Army.

23. As a result of his military service, Plaintiff was diagnosed with chronic Post-Traumatic Stress Disorder ("PTSD").

24. After moving home after his military service, Plaintiff applied for a job as a gas production operator at D&C.

25. While employed at D&C, Plaintiff was apprised of a job opening with Defendants.

26. Plaintiff was informed by agents of Defendants that he should apply for the open position.

27. Plaintiff was further advised by agents of the Defendants that he would be a good asset for them.

28. Plaintiff applied for the open position and was given a conditional offer of employment by Defendants.

29. Plaintiff was compelled by Defendants to fill out paperwork and a medical questionnaire.

30. The medical questionnaire, *inter alia*, required Plaintiff to list the medications he was currently taking.

31. A nurse acting as an agent for Defendants contacted Plaintiff thereafter concerning his background check.

32. The nurse inquired if Plaintiff was taking the medications he listed for seizures and he responded by informing her that the medications were for PTSD.

33. The nurse also inquired as to Plaintiff's previous DUI conviction.

34. The nurse asked Plaintiff to fill out paperwork explaining what led up to the DUI.

35. Plaintiff complied with all of the nurse requests and sent back all of the necessary paperwork.

36. Plaintiff did not receive a response for a considerable period of time after returning the paperwork to Defendants and their agents.

37. At the same time Plaintiff was applying for the job, at least five ("5") other individuals similarly situated had applied for jobs with Defendants.

38. While Plaintiff was still waiting for a response from Defendants, the other individuals similarly situated received confirmation e-mails extending offers of employment.

39. Plaintiff's supervisor employed by Defendants called Plaintiff on or about Saturday December 31, 2011 to congratulate him on getting the job ("the first call").

40. Plaintiff was told to meet with the Human Resources Department ("HR") of Defendants on or about Wednesday January 4, 2012 at 7:00AM for orientation.

41. The night before orientation, Plaintiff received a phone call from a supervisor employed by Defendants stating that they were now still reviewing his candidacy and that he should not appear for orientation ("the second call").

42. Defendants' agent made this call after Plaintiff had already been congratulated on the phone for getting the job during the first call.

43. After the second call, Plaintiff received a letter stating that the offer of employment with Defendants had been rescinded.

44. Plaintiff wrote a letter to the HR Department to request a second review.

45. Plaintiff requested the second review as he was aware of another individual similarly situated who applied for and received a job with Defendants despite having two ("2") DUI convictions.

46. The individual with two ("2") DUI convictions had filled out the same paperwork that Plaintiff had been told to complete and return to Defendants wherein, *inter alia*, the individual was asked to explain the circumstances of his or her DUI conviction(s).

47. Plaintiff received no response to his request to HR.

48. Plaintiff went to work with D&C on January 12, 2012 before he was scheduled to take six ("6") days off.

49. On that date, Plaintiff had a meeting with his D&C supervisor, Josh Son.

50. Mr. Son informed Plaintiff that Plaintiff no longer had a job.

51. Mr. Son told Plaintiff he could no longer work on any sites for Defendants or for any subcontractors hired by Defendants.

52. Mr. Son informed Plaintiff that the HR Department of Defendants had informed him that Plaintiff was a threat to them without explanation.

53. Mr. Son informed Plaintiff that he was in disbelief as Plaintiff had been a model worker.

54. Plaintiff was denied a position with Defendants as he is disabled.

55. At all times Plaintiff was qualified to perform the essential functions of the job with Defendants.

56. Plaintiff suffered an adverse employment action by Defendants when his job offer was rescinded due to his disability.

## COUNT I
## VIOLATIONS OF THE ADA

57. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

58. Plaintiff suffers from a "disability" as that term is defined in the ADA because Plaintiff has or had, at all times relevant hereto, a physical impairment that substantially limits/limited one or more major life activities, or because Plaintiff had a record of such an impairment.

59. Plaintiff also suffers from a "disability" as that term is defined in the ADA because Plaintiff was regarded as and/or perceived by Defendant and its agents as

having a physical impairment that substantially limits/limited one or more major life activities.

60. Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because he has, or had at all times relevant hereto, a physical impairment that substantially limited/limits one or more major life activities, or because he had a record of such impairment.

61. Plaintiff also is a "qualified individual with a disability" as that term is defined in the ADA because he was regarded as and/or perceived by Defendant and its agents as having a physical impairment that substantially limited/limits one or more major life activities.

62. Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because Plaintiff was able to perform all of the essential functions of the job, with or without a reasonable accommodation.

63. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his disability or perceived disability.

64. In rescinding an offer of employment to Plaintiff as result of his disability and/or perceived disability, Defendant violated the ADA.

65. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages asset forth herein.

**WHEREFORE**, the Plaintiff seeks the damages set forth in the *Ad Damnum* Clause of this Complaint, *infra*.

## COUNT II
## VIOLATIONS OF THE PHRA

66. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

67. The foregoing conduct by Defendants also violates the PHRA, 43 P.S. § 951, *et seq*.

68. As a result of Defendants' violations of the PHRA, Plaintiff has suffered damages, as set forth herein.

**WHEREFORE**, the Plaintiff seeks the damages set forth in the *Ad Damnum* Clause of this Complaint, *infra*.

### *AD DAMNUM* CLAUSE / PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that the Court enter judgment in his favor and against the Defendants and that it enter an Order as follows:

a. The Defendants are to be permanently enjoined from discriminating against the Plaintiff on the basis of his age, disability, gender and/or any basis prohibited under applicable federal and state law;

b. The Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees based

on their age, disability and/or gender and is to promulgate an effective policy against such discrimination and to adhere thereto;

c. The Defendants are to compensate the Plaintiff, reimburse the Plaintiff, and to make the Plaintiff whole for any and all pay and benefits the Plaintiff would have received had it not been for the Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. The Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of the Defendants until the date of verdict;

d. The Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by the Defendants' actions;

e. The Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish the Defendants for their willful, deliberate, malicious, and outrageous conduct, and to deter the Defendants or any other employees from engaging in such misconduct in the future;

f. The Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.   The Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.   Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth inapplicable federal law;

i.   The Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure the Defendants do not engage –or ceases engaging – in illegal retaliation against the Plaintiff or other witnesses in this action;

j.   The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein; and

k.   The Plaintiff's claims against the Defendants are to receive a trial by jury to the extent allowed by applicable law. The Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                                      Respectfully submitted,

                                      **KOLMAN ELY, P.C.**

                                        /s/ Wayne A. Ely
                                     Wayne A. Ely, Esquire
                                     414 Hulmeville Avenue
                                        Penndel, PA 19047
                          (T) 215-750-3134 / (F) 215-750-3138
                                    wely@kolmanlaw.net

                                       *Attorney for Plaintiff*

DATED:    April 9, 2013